**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CAROLINE VANSICKLE, | ) | CASE NO. 5:23-cv-02229 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Darrell A. Clay. (R. 12). Plaintiff Caroline Vansickle's Complaint challenges the final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) and supplemental security income (SSI). (R. 1). Pursuant to Local Rule 72.2, the case was referred to the Magistrate Judge. On August 20, 2024, the Magistrate Judge issued his Report and Recommendation (R&R) recommending that the Court affirm the Commissioner's decision. (R. 12). Plaintiff filed objections within the fourteen-day deadline (R. 13), and the Commissioner filed a response. (R. 14). For the reasons stated below, the R&R, (R. 12), is adopted in its entirety.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a de novo review of those portions of the Report to which an objection has been made.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). If specific objections have been made, then the primary issue becomes "whether [the Commissioner's decision] is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the Administrative Law Judge (ALJ). *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a scintilla of evidence but less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, a reviewing court must affirm the decision even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite

decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## II. Analysis

### A. Background

The Court adopts and incorporates the recitation of the factual and treatment history from the R&R. (R. 12). As is relevant here, the ALJ found that among other impairments, Plaintiff had severe impairments of "persistent depressive disorder, anxiety disorder, and posttraumatic stress disorder ['PTSD']." (R. 7, PageID# 84, Tr. 55 (alteration in original)). He determined that Plaintiff had the residual functional capacity (RFC) to perform light work except that she is limited to "a work setting that requires no more than occasional interaction with co-workers, supervisors, and the public." (*Id.* at PageID# 86, Tr. 57). In making this determination, the ALJ considered the medical-opinion evidence in the record, Plaintiff's subjective statements, and objective medical evidence in the record. (*See id.* at PageID# 86–93, Tr. 57–64).

As part of the ALJ's discussion of the medical-opinion evidence, the underlying decision evaluated the persuasiveness of the medical opinion from Kristen Haskins, Psy.D. (*See id.* at

3

PageID# 92–93, Tr. 63–64). Dr. Haskins reviewed Plaintiff's record, on November 20, 2020, to determine her mental RFC for the state agency's reconsideration review. (*Id.* at PageID# 249–51, Tr. 220–22). As relevant here, Dr. Haskins opined that Plaintiff "should not interact with the general public" and "is capable of brief, superficial interactions with co-workers, supervisors." (*Id.* at PageID# 250, Tr. 221). Plaintiff was markedly limited in her "ability to interact appropriately with the general public." *Id.* She was moderately limited in her abilities to "accept instructions and respond appropriately to criticism from supervisors" and "get along with coworkers or peers without distracting them or exhibiting behavioral extremes." *Id.* Dr. Haskins's review of the record noted a psychiatric consultative examination from November 9, 2020, with Jennifer Haaga, Psy. D. (*Id.* at PageID# 246, Tr. 217).

At that consultative examination, Plaintiff reported that she "did not know her father," maintains "a poor relationship with her siblings," and maintains "distant relationships with family." (*Id.* at PageID# 612, Tr. 583). She has "an okay relationship with her eight children." *Id.* However, "many of her children live out of her state," and her mother "had them taken from" her. *Id.* Growing up she "never had friends." *Id.* She lives with her daughters, grandchildren, and son-in-law, but her living situation is "stressful," and she often "stay[s] in [her] room." (*Id.* at PageID# 612–13, Tr. 583–84). She socializes with her daughters, son-in-law, mother-in-law, and sister-in-law, and her "social functioning has not declined in the last year." (*Id.* at PageID# 612, Tr. 583). She does not attend church or engage in any activities, clubs, or organizations. *Id.* She does not "go visit people," and she "hate[s] people." (*Id.* at PageID# 613, Tr. 584). She has "a history of some interpersonal problems with supervisors and coworkers" and is "easily irritated and angered by others." (*Id.* at PageID# 617, Tr. 588). On examination, Dr. Haaga noted that Plaintiff was "cooperative …, volunteering information and details begrudgingly." (*Id.* at

PageID# 614, Tr. 585). Plaintiff's interaction with Dr. Haaga "was marginally adequate." *Id.* Plaintiff "appeared to be anxious to leave," "was tearful through much of the interview and sobbing at times," *id.*, and "presented as irritable," (*id.* at PageID# 617, Tr. 588). Dr. Haaga opined that Plaintiff being "easily irritated and angered by others … would likely affect her interactions and responses to conflict and criticism in a work environment." *Id.*

The ALJ determined that Dr. Haskins's opinion was "partially persuasive." (*Id.* at PageID# 93, Tr. 64). He reasoned that Dr. Haskins "had the opportunity to review the record, to which [she] cited liberally in support of [her] conclusions, and [she] [wa]s well versed in the terminology and analytical framework employed in the disposition of these claims." *Id.* He further reasoned that although Dr. Haskins "appear[ed] to have overstated [Plaintiff]'s social … limitations," her opinion was "partially consistent with, and supported by, the overall evidence of record." *Id.* He noted that although Plaintiff "presented in session with the consultative examiner as anxious and irritable, tearful, and sobbing intermittently," she had "no known forensic history," described "regular socialization with family and a supportive circle of both family and friends," and was "reliably described in the evidence in pro-social terms." (*Id.* at PageID# 92, Tr. 63 (citing *id.* at PageID# 567, 612, 732, 794, 904, 912–13, Tr. 538, 583, 703, 765, 875, 883–84)). He also noted that Plaintiff's "presentation at the consultative examiner appear[ed] to have been an outlier." *Id.* He concluded that "[p]rovided the frequency of [Plaintiff]'s interaction with others is controlled, she appears to have retained sufficient[] residual social function to engage in competitive work." *Id.*

Plaintiff's Brief on the Merits set forth one assignment of error: that the ALJ's RFC determination that Plaintiff was limited to "occasional interaction with co-workers, supervisors, and the public" was not supported by substantial evidence. (R. 8, PageID# 929–34). Specifically,

5

Plaintiff argued that the ALJ did not adequately evaluate Dr. Haskins's medical opinion regarding Plaintiff's social limitations. *Id.* Plaintiff argued that the ALJ did not build an accurate and logical bridge between the evidence cited and his conclusion regarding Dr. Haskins's opined social limitations. (*Id.* at PageID# 931). She also argued that although the ALJ cited evidence he characterized as conflicting with Dr. Haskins's opinion, the ALJ did not account for the "context" of those pieces of evidence—namely, the limited extent of Plaintiff's social interactions and interpersonal relationships as well as her prior "interpersonal problems with supervisors and coworkers." (*Id.* at PageID# 931–34).

The Magistrate Judge recommended affirming the ALJ's decision. (R. 12, PageID# 952). He determined that the ALJ properly evaluated the persuasiveness of Dr. Haskins's opinion. (*Id.* at PageID# 962–67). He reasoned that the ALJ properly applied the supportability factor to Dr. Haskins's prior administrative medical findings because the ALJ wrote that Dr. Haskins "had the opportunity to review the evidence of record, to which [she] cited liberally in support of [her] conclusions, and…is well versed in the terminology and analytical framework employed in the disposition of these claims." (*Id.* at PageID# 963–64 (quoting R. 7, PageID# 92, Tr. 63)). On the consistency factor, he reasoned that the ALJ built an accurate and logical bridge from the evidence to his conclusion that Dr. Haskins's opinion was partially persuasive. (*Id.* at PageID# 964–65). He further reasoned that although "the passages quoted by the ALJ d[id] not provide the strongest support that Dr. Haskins overstated [Plaintiff]'s social limitations," the ALJ "ha[d] the duty to resolve such conflicts," and the Court could not "reverse the ALJ's decision on that basis even if it might have reached a different conclusion on the same evidence." (*Id.* at PageID# 965–66).

B. Objections

Plaintiff objects to the Magistrate Judge's determination that the ALJ's evaluation of Dr. Haskins's opinion was supported by substantial evidence. (R. 13, PageID# 970–72). Specifically, Plaintiff argues that the Magistrate Judge incorrectly concluded that the ALJ addressed the supportability factor when evaluating Dr. Haskins's opinion. (*Id.* at PageID# 971–72). She contends that "the ALJ exclusively focused on the consistency factor." (*Id.* at PageID# 971).

Applications for benefits filed after March 27, 2017, are evaluated under 20 C.F.R. §§ 404.1520c and 416.920c. These regulations specify how ALJs "consider medical opinions" in disability determinations and how they articulate certain findings in their written decisions. 20 C.F.R. §§ 404.1520c, 416.920c. "A medical opinion is a statement from a medical source about what [a claimant] can still do despite" her MDIs and whether the claimant has "impairment-related limitations or restrictions" in her abilities to meet the physical, mental, environmental, and other demands of work. *Id.* §§ 404.1513(a)(2), 416.913(a)(2). When considering medical opinions, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)" in the record. *Id.* §§ 404.1520c(a), 416.920c(a). Instead, ALJs "will consider those medical opinions … using the factors listed in paragraphs (c)(1) through (c)(5) …, as appropriate." *Id.* In this consideration, ALJs "will articulate … how persuasive [they] find all of the medical opinions … in [the] case record." *Id.* §§ 404.1520c(b), 416.920c(b). These "articulation requirements" instruct ALJs to "articulate how [they] considered the medical opinions from [each] medical source" on a source-by-source basis. *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). ALJs "are not required to articulate how [they] considered each medical opinion ... from one medical source individually." *Id.* Rather, they should "articulate how [they] considered the medical opinions ... from [each] medical source together in a single analysis using

7

the factors listed in [subparagraphs] (c)(1) through (c)(5) ..., as appropriate." *Id.* The factors ALJs consider when determining the persuasiveness of medical opinions are: (1) supportability, (2) consistency, (3) the source's relationship with the claimant, (4) specialization, and (5) "other factors that tend to support or contradict a medical opinion," including the sources "familiarity with other evidence in the claim or an understanding of [the] disability program's policies and evidentiary requirements." *Id.* §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The "most important factors [ALJs] consider when" determining the persuasiveness of medical opinions are supportability and consistency, and as such, ALJs "will explain how [they] considered" these factors for each source's medical opinions. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are distinct concepts under the regulations. *Id.* §§ 404.1520c(b)(2)–(c)(2), 416.920c(b)(2)–(c)(2). The supportability factor requires ALJs to consider "the objective medical evidence and supporting explanations presented by a medical source … to support" her medical opinion. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). The "more relevant" the evidence and explanations a medical source presents to support the medical opinion, "the more persuasive" that opinion will be. *Id.* The consistency factor requires ALJs to compare the source's medical opinion to "evidence from other medical and nonmedical sources" in the record. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). The "more consistent" an opinion "is with the evidence from other medical and nonmedical sources" in the record, "the more persuasive" that opinion will be. *Id.* An "ALJ's failure … to meet these minimum levels of articulation frustrates [a] court's ability to determine whether [the claimant's] disability determination was supported by substantial evidence." *Martin v. Comm'r of the Soc. Sec. Admin.*, No. 1:22cv857, 2023 WL 2811015, at *13 (N.D. Ohio Apr. 6, 2023) (first and third alterations in original) (quoting *Vaughn v. Comm'r of Soc. Sec.*, No. 20cv1119, 2021 WL 3056108, at *11 (W.D. Tenn.

July 20, 2021)). As always, the ALJ's decision must build an accurate and logical bridge between the evidence cited and her conclusion regarding a medical opinion's persuasiveness. *See Amber S. v. Comm'r of Soc. Sec. Admin.*, No. 2:22cv2240, 2023 WL 6276059, at *4 (S.D. Ohio Sept. 26, 2023).

As the R&R notes, an ALJ's failure to use the words "supportability" and "consistency" "does not necessarily mean that the ALJ did not consider these factors." *Hardy v. Comm'r of Soc. Sec.*, No. 2:20cv4097, 2021 WL 4059310, at *2 (S.D. Ohio Sept. 7, 2021) (citing *Hobbs v. Saul*, No. 2:20cv4, 2021 WL 1574421, at *10 (W.D. Va. Apr. 22, 2021)). Here, the ALJ only used the word "support" when concluding that Dr. Haskins "had the opportunity to review the evidence of record, to which [she] cited liberally in support of [her] conclusions, and [she] [wa]s well versed in the terminology and analytical framework employed in the disposition of these claims." (R. 7, PageID# 92, Tr. 63). This determination, however, evaluates the "other factors" consideration, which includes "familiarity with other evidence in the claim" and "an understanding of [the] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5).

In addition, when reading the ALJ's decision as a whole, it is apparent that the ALJ further analyzed the supportability and consistency factors when considering aspects of the record on which Dr. Haskins's opinion relied, including the consultative examination, (*see* R. 7, PageID# 92, Tr. 63 (citations omitted) (citing *id.* at PageID# 567, 612, 732, 794, 904, 912–13, Tr. 538, 583, 703, 765, 875, 883–84)). *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (when evaluating the supportability factor, ALJs must consider "the objective medical evidence and supporting explanations presented by a medical source … to support" her medical opinion). The ALJ explained that although Plaintiff was "anxious and irritable, tearful, and sobbing

9

intermittently" at the consultative examination, she "ha[d] no known forensic history," "describe[d] regular socialization with family and a supportive circle of friends and family," and was "reliably described in the evidence in pro-social terms." (R. 7, PageID# 92, Tr. 63 (citations omitted) (citing *id.* at PageID# 567, 612, 732, 794, 904, 912–13, Tr. 538, 583, 703, 765, 875, 883–84)).

Indeed, the consultative examination indicates that Plaintiff lives with her daughters, grandchildren, and son-in-law. (*Id.* at PageID# 612, Tr. 583). It further indicates that Plaintiff socializes with her daughters, son-in-law, mother-in-law, and sister-in-law, and her "social functioning has not declined in the last year." (*Id.* at PageID# 612, Tr. 583). Additionally, multiple providers across different medical settings noted that Plaintiff was cooperative and pleasant, with appropriate mood and affect. (*Id.* at PageID# 567, 732, 794, 904, 912–13, Tr. 538, 703, 765, 875, 883–84).

Thus, the ALJ considered and accurately described evidence that Dr. Haskins presented to support her medical examination the evidence as required. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Pertinent evidence, as the ALJ explained in the underlying decision, contradicted Dr. Haskins's opined limitations. (R. 7, PageID# 92, Tr. 63). Therefore, the ALJ's conclusion that Dr. Haskins's opinion was not adequately supported and, as such, only "partially persuasive," (*Id.* at PageID# 93, Tr. 64), is grounded in the record evidence and, therefore, supported by substantial evidence. The Plaintiffs objection is overruled, the R&R is adopted, and the ALJ's decision is affirmed for the reasons set forth herein and in the R&R.

### III. Conclusion

The Court has carefully reviewed the R&R according to the above-referenced standard as well as the ALJ's decision and Plaintiff's objection. The Court agrees with the Magistrate

Judge's resolution of the issues raised. Therefore, the Magistrate Judge's R&R, (R. 12), is hereby ADOPTED in its entirety. The Commissioner's decision is hereby AFFIRMED.

    IT IS SO ORDERED.

Date: March 31, 2025

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge